UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RAYMOND DESILVA,

       Plaintiff,

v.                                            Case No. 8:15-cv-1045-T-24 TGW

SUNTRUST BANK,

       Defendant.

_____/

## ORDER

This cause comes before the Court on Plaintiff's Motion to Strike Defenses or for a More Definite Statement. (Doc. No. 26). Defendant opposes the motion. (Doc. No. 28). As explained below, the motion is granted as to one affirmative defense but is otherwise denied.

## I. Background

In Plaintiff Raymond Desilva's amended complaint, he asserts discrimination and retaliation claims under the Florida Civil Rights Act, as well as a discrimination claim under § 1981, against Defendant SunTrust Bank. (Doc. No. 22). In response, Defendant filed an answer and twenty-two affirmative defenses. (Doc. No. 25). In the instant motion, Plaintiff moves to strike fifteen of the affirmative defenses, or in the alternative, moves for a more definite statement.

## II. Motion to Strike

Federal Rule of Civil Procedure 12(f) provides that a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." However, motions to strike affirmative defenses are generally disfavored by the courts. As explained by one court:

> [C]ourts do not generally exercise their discretion to strike a pleading unless the matter has no possible relation to the controversy, may confuse the issues, or otherwise prejudice a party. As a result courts disfavor motions to strike and often consider them to be "time wasters." An affirmative defense will only be stricken . . . if the defense is insufficient as a matter of law. A defense is insufficient as a matter of law only if: (1) on the face of the pleadings, it is patently frivolous, or (2) it is clearly invalid as a matter of law. To the extent that a defense puts into issue relevant and substantial legal and factual questions, it is sufficient and may survive a motion to strike, particularly when there is no showing of prejudice to the movant.

Smith v. Wal-Mart Stores, Inc., 2012 WL 2377840, at *2 (N.D. Fla. June 25, 2012)(internal citations and quotation marks omitted); see also Woodman v. Bravo Brio Restaurant Group, Inc., 2015 WL 1836941, at * 1 (M.D. Fla. April 21, 2015).

Plaintiff argues that Defendant's fifteen affirmative defenses at issue should be stricken either because the defenses are redundant or because the defenses are conclusory and without sufficient specific factual support. However, to the extent that Plaintiff argues that several of Defendant's affirmative defenses should be stricken because they are redundant, Defendant has explained the subtle differences between the alleged redundant defenses.

Additionally, Plaintiff argues that several of Defendant's affirmative defenses should be stricken because they are conclusory and without sufficient specific factual support. This raises an issue that has not been resolved by the Eleventh Circuit—how much factual support must be pled within affirmative defenses. District courts within the Eleventh Circuit have taken conflicting positions on the issue, but this Court agrees with the courts that do not apply the heightened pleading standard set forth in Twombly[1] and Iqbal[2] to affirmative defenses. Those

---

[1] Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007).

[2] Ashcroft v. Iqbal, 556 U.S. 662 (2009).

courts explain their reasoning as follows:

> [Some] courts have declined to apply the heightened pleading standard in <u>Twombly</u> and <u>Iqbal</u> to affirmative defenses based upon the rationale that there is a difference in the language of Rule 8(a)—which deals with the pleading requirements for complaints—and Rule 8(b) and (c), which deal with the pleading requirements for defenses.  Although Rule 8(a)(2) requires a complaint to include a "short and plain statement of the claim <u>showing</u> that the pleader is entitled to relief," Rules 8(b)(1)(A) and 8(c)(1) only require that a party <u>states</u> his defenses.  The Supreme Court in <u>Twombly</u> and <u>Iqbal</u> relied on the specific language of Rule 8(a)(2), which requires a "showing" of entitlement to relief, when it established the plausibility requirement for complaints.  Thus, it follows that the plausibility requirement for affirmative defenses should not apply to affirmative defenses because the language in the rule governing affirmative defenses notably lacks any "showing" requirement.  Secondly, requiring affirmative defenses to contain the factual specificity needed to meet a plausibility standard would be unfair to defendants, who lack time to conduct investigations within the twenty-one day period to respond to complaints.

<u>Smith</u>, 2012 WL 2377840, at *2 (internal citations omitted).

Therefore, to the extent that Plaintiff argues that several of Defendant's affirmative defenses should be stricken because they are conclusory and without sufficient specific factual support, the Court rejects his argument.  The discovery period began on August 19, 2015, and Defendant filed its answer and affirmative defenses three days later.  As such, the Court accepts Defendant's argument that because it was not able to conduct discovery prior to asserting its affirmative defenses, it should not be penalized for the lack of sufficient factual detail to support the affirmative defenses that it plans to pursue.  Defendant points out that it included these defenses in order to alert Plaintiff to all potential defenses that Defendant may rely upon in order to avoid surprise or a claim that Plaintiff did not have the opportunity to pursue discovery on a defense due to lack of notice. (Doc. No. 28, p. 2).  Finally, it is clear that Plaintiff is not

prejudiced by the inclusion of most of these defenses.

However, Defendant's twenty-first affirmative defense is so lacking in detail that it fails to provide Plaintiff with sufficient notice of the defense being asserted. That defense provides the following:

> Any award of punitive damages to Plaintiff will violate the substantive and procedural safeguards guaranteed to Defendant by the United States and Florida Constitutions; a punitive damages award is, therefore, barred.

(Doc. No. 25, p. 16).

Plaintiff argues that this defense is insufficient, because Defendant fails to identify what substantive or procedural constitutional safeguards would be implicated and how a punitive damages award would violate them. Thus, Plaintiff argues that this defense is so vague that it fails to put him on notice of the nature and basis of the defense. The Court agrees with Plaintiff.

The constitutional aspect of this defense is vague and confusing, and Defendant's lack of access to discovery does not excuse the pleading of this defense. Therefore, the Court will strike this affirmative defense, because as pled, it fails to put Plaintiff on notice of the nature and basis of the defense.

### III. Motion for More Definite Statement

Alternatively, Plaintiff asks the Court to require that Defendant provide a more definite statements as to the fifteen defenses at issue. Because the Court declined to strike fourteen of the defenses at issue, finding that they were sufficiently pled, the Court will not require Defendant to provide a more definite statement. However, as to Defendant's twenty-first affirmative defense described above, which the Court has stricken, if Defendant wishes to pursue that defense, it must provide a more definite statement.

**IV.  Conclusion**

Accordingly, it is ORDERED AND ADJUDGED that Plaintiff's Motion to Strike Defenses or for a More Definite Statement (Doc. No. 26) is **GRANTED** to the extent that the Court **STRIKES** Defendant's twenty-first affirmative defense and requires a more definite statement if Defendant wishes to pursue that defense; otherwise, the motion is **DENIED**.  If Defendant wants to pursue the twenty-first affirmative defense, it must file an amended answer by *September 30, 2015* that only amends the twenty-first affirmative defense.

**DONE AND ORDERED** at Tampa, Florida, this 23rd day of September, 2015.

*Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record